

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 10, 1965

Honorable Harry B. Kelton, Director     Opinion No. C-565
Texas National Guard Armory Board
West Austin Station               Re:  Whether Senate Bill
Austin, Texas 78703                  No. 109, Acts 59th
                                   Legislature, 1965,
                                   was repealed by House
                                   Bill No. 410, Acts
Dear Sir:                        59th Legislature, 1965.

        Your letter of November 17, 1965, requesting our
opinion relative to the above captioned matter reads as follows:

        "Prior to the conclusion of the last Session
of the Texas Legislature, the Texas National Guard
Armory Board was authorized to sell and otherwise
dispose of property which it owned in the event
it was encumbered by debt but was not so empowered
in the event such real property was debt free. See
Attorney General's Opinion WW-460.

        "The 59th Legislature first enacted S. B. 109
which specifically authorized the Armory Board to
dispose of certain lands and buildings which were
surplus to and in excess of the needs of the Armory
Board and where federal recognition had been with-
drawn from the unit occupying such armory. The
emergency clause of S. B. 109 referred specifi-
cally to Attorney General's Opinion WW-460 as
creating the necessity for suspending the Con-
stitutional rule.

        "Thereafter, the 1965 Legislature also passed
H. B 410 which recodified all of the laws per-
taining to the National Guard and Armory Board,
re-enacting, in substance, Section 7 of Art. 5786
without including the amendment thereof contained
in S. B. 109 as intended by the sponsor as well as
the Legislature.

        "Will you please give us your opinion as to
whether the enactment of H. B. 410 by implication
repealed the provisions of S. B. 109?"

-2726-

Former Article 5786, as originally enacted by Acts 1905, p. 167, was repealed by Acts 1963, 58th Leg., ch. 112, p. 209 (S.B. No. 279). Chapter 3, Title 94 of the Revised Civil Statutes of Texas, 1925, was amended and revised to read as follows:

"Article 5786. General Provisions.

" . . .

"Sec. 7. . . .

"(c) As and when any of the property owned by the Board shall be fully paid for, free of all liens, and all debts and other obligations incurred in connection with the acquisition or construction of such property have been fully paid, the Board may donate, transfer, and convey such property, by appropriate instruments of transfer, to the State of Texas, and such instruments of transfer and conveyance shall be kept in the custody of the Adjutant General's Department." (Emphasis added)

The Attorney General of Texas in Opinion WW-460 has held that the Texas National Guard Armory Board is not authorized by existing Statute to dispose of property when the indebtedness against any such property obtained by the Board for armory purposes is extinguished and that such disposition is under the direct control of the Legislature of the State of Texas.

S. B. No. 109 (Acts 1965, 59th Leg., ch. 28, p. 75) amended Section 7 of Article 5786, Senate Bill 279 of the 58th Legislature, by providing a new subsection to be known as Subsection (g). Subsection (g) reads as follows:

"'(g) When Federal recognition of a unit or units of the Texas National Guard is withdrawn by the United States Government and personnel are not available for its successors or components to occupy the land, buildings and other improvements owned by the Armory Board; the Adjutant General shall designate such property as surplus to the needs and requirements of the National Guard, its successors and components and notify the Armory Board of his intention to vacate the property and terminate any existing lease agreement with the Armory

Board in accordance with the terms of such agree-
ment. Upon receipt of such designation and
notice from the Adjutant General, the Armory
Board and the Board of Control are hereby au-
thorized to sell to the highest bidder for cash
in the manner provided by law for the sale of
property belonging to the State which is no
longer needed, and. . .'" (Emphasis added)

H. B. No. 410, (Acts 1965, 59th Leg., ch. 690, p.
1601) amended Chapters 1 and 2, Title 94, Revised Civil Statutes
of Texas to read as follows:

"Article 5767. Texas National Guard
Armory Board.

" . . .

"'Section 7. As and when any of the prop-
erty owned by the Board shall be fully paid for,
free of all liens, and all debts and other ob-
ligations incurred in connection with the ac-
quisition or construction of such property have
been fully paid, the Board may donate, transfer,
and convey such property, by appropriate in-
struments of transfer, to the State of Texas,
and such instruments of transfer and conveyance
shall be kept in the custody of the Adjutant
General's Department.'"

In the Repealer clause of H. B. 410, it is speci-
fically stated as follows:

". . . .Sections 7 and 8, Article 5786, Re-
vised Civil Statutes of Texas, as amended; . . . .
and Section 7 through Section 8 of Article 5786,
Chapter 112, Acts of the 58th Legislature (com-
piled as Section 7 through Section 8 of Article
5786, Revised Civil Statutes of Texas, as amended);
are hereby repealed and all other laws or parts
of laws in conflict with this Act are repealed to
the extent of such conflict only."

S. B. No. 109 of the 59th Legislature was approved
March 16, 1965 and H. B. No. 410 of the 59th Legislature was
approved June 18, 1965. S. B. No. 109 authorized the Armory
Board to sell to the highest bidder for cash any property
designated surplus to the needs and requirements of the National
Guard, its successors and components. H. B. No. 410 recodifies

all of the laws pertaining to the National Guard and Armory Board, and re-enacts, in substance, Section 7 of Article 5786 without including the amendment thereof contained in S. B. No. 109. It is plain, as evidenced by Attorney General's Opinion No. WW-460, that by the provisions of Section 7, the Legislature intended to obtain direct control of the armories acquired or constructed by the National Guard Armory Board and utilized by Texas National Guard units once the armories were free and clear of the incumbrances of acquisition and construction.

In conclusion, it is our opinion that H. B. No. 410 specifically repeals Section 7 of Article 5786, Revised Civil Statutes of Texas, as amended. Therefore, the latter act, H. B. No. 410, being the latest expression of the Legislature, will prevail over S. B. No. 109.

### S U M M A R Y

H. B. No. 410 specifically repeals Section 7 of Article 5786, Revised Civil Statutes of Texas, as amended, and therefore the latter act, H. B. No. 410 being the latest expression of the Legislature, will prevail over S. B. No. 109.

Very truly yours,

WAGGONER CARR
Attorney General

By: Alan Minter
Alan Minter
Assistant

AM:ra

APPROVED:
OPINION COMMITTEE

Kerns B. Taylor, Chairman
Phillip Crawford
Tom Routt
John Banks
Harold Kennedy

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright